IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                   Case No. 6:08-cr-10195-JTM-1

MICHAEL W. KELLER,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Michael Keller's motion to modify or terminate supervised release. (Dkt. 25). The United States has filed a response opposing the request. (Dkt. 27).

On February 18, 2009, defendant pled guilty to one count of unlawful possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Dkt. 14. On May 7, 2009, the court sentenced him to 5 years imprisonment, 3 years of supervised release, and a $100 special assessment.  Dkt. 19.  Defendant completed the term of imprisonment and began his term of supervised release on May 15, 2014, with a scheduled expiration date of May 14, 2017.

Defendant's motion complains that he has been unfairly sanctioned by having to attend AA/NA and MRT classes and undergo code-a-phone testing. Dkt. 25 at 2. He argues that such requirements are unnecessary and burdensome, and he asks the court to either terminate his supervised release or modify these sanctions.

The court may terminate a term of supervised release at any time after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). It may modify the conditions of supervision at any time. § 3583(e)(2).

The court finds that no change should be made to defendant's conditions of supervision or to the term of supervised release.  Defendant has an admitted history of methamphetamine abuse, along with use of cocaine and alcohol, and, according to the probation office he has admitted being aware that alcohol use could lead him back to use of other substances. In response to indications (including defendant's own admissions) that he was using alcohol, he was given a requirement to attend MRT classes, for the purpose of helping him achieve the sobriety plan which he had set for himself. The probation officer reports that although defendant has attended MRT classes for 11 weeks now, he has not completed Step 1, which is usually completed by the third week.

Defendant has a chance to successfully complete supervision if he takes advantage of the assistance offered by the probation office. To be successful, however, it is obvious that defendant needs to alter the thinking that has led him into trouble in the past.

**IT IS THEREFORE ORDERED** this 23rd day of May, 2016, that defendant's Motion to Modify or Terminate Supervised Release (Dkt. 25) is DENIED.

>     ___s/ J. Thomas Marten_____
>     J. THOMAS MARTEN, JUDGE